UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICAH L'MINGGIO, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:19-cv-00064-JRS-MJD |
| RICHARD BROWN Warden, | ) ) ) |
| Respondent. | ) |

# ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

The petition of Micah L'Minggio for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVE 18-10-0051. For the reasons explained in this Entry, Mr. L'Minggio's habeas petition must be **denied**.

### A.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

B.  **The Disciplinary Proceeding**

On October 11, 2018, Intelligence Analyst S. Zimmerman wrote a conduct report in case WVE 18-10-0051 charging Mr. L'Minggio with offense B-220, engaging in unauthorized financial transactions:

> On 10/11/2018, while monitoring the GTL Offender Phone System I, Analyst S. Zimmerman, discovered a telephone call made to (317) 771- 8579 utilizing the PIN number of offender Micah Lminggio #198566. During the telephone call I did hear an unidentified Offender tell the female callee, "I'm calling for Micah." The unidentified offender also tells the female callee, "He told me to tell you to send Diamond that 300", and informs the female callee of a specific phone number (see attached). The phone number the money is to be transferred to is associated with an offender living in G cell house, (Thomas Lofton #132899) see attached.
> Policy 04-01-104 (IX) specifically prohibits offenders from making unauthorized financial transactions to other offenders or their friends/family members.

Dkt. 10-1.

The Daily Offender Telephone Log, which was attached to the conduct report, further describes the conversation. Dkt. 10-2.

On October 12, 2018, the screening officer notified Mr. L'Minggio of the charge and provided him with copies of the conduct report and the notice of disciplinary hearing (screening report). Mr. L'Minggio pleaded not guilty. Dkt. 10-3. Mr. L'Minggio did not request any witnesses, but he did request video evidence of the 10/10/18 phone call. *Id.* The facility did not allow him to review the video because it would jeopardize the safety and security of the facility. Dkt. 16. A copy of the video review was given to Mr. L'Minggio on October 16, 2018. It states:

> 02:24:22 AN OFFENDER WALS UP TO THE PHONES
>
> 02:24:27 ONLY ONE OFFENDER ON THE PHONES AT THIS TIME IN GHU LEFT WING
>
> 02:27:35 OFFENDER HANGS UP THE PHONE AND WALKS OVER BY THE LEFT WING FIRE DOOR AND APPEARS TO BE LOOING UP AT CELL 201 AND TALKING TO SONEONE. (OFFENDER LMINGGIO, MICAH #198566 RESIDES IN CELL GHU-201)

2

Dkt. 16 (all caps and misspellings in original).

The hearing officer held a hearing in case WVE 18-10-0051 on October 18, 2018. Dkt. 10-4. Mr. L'Minggio pleaded not guilty and stated, "I had asked my mom to send Diamond the $300 for my daughter[']s birthday. My mom said she didn't have it at that time. No transaction, no money sent." *Id.* The hearing officer found Mr. L'Minggio guilty of offense B-220 based on the conduct report, Mr. L'Minggio's statement, the daily offender telephone log, and the video summary. *Id.* The hearing officer sanctioned Mr. L'Minggio with a 30-day loss of phone privileges, a 90-day loss of good-time credit, and a one-step demotion in credit class (suspended). *Id.*

Mr. L'Minggio's appeals to the Facility Head and to the Final Reviewing Authority were denied. Dkt. 10-5; dkt. 10-6. This habeas action followed.

**C.     Analysis**

Mr. L'Minggio alleges that his due process rights were violated in the disciplinary proceeding. His three claims are: (1) he was not provided the requested telephone log; (2) he was improperly denied evidence; and (3) there was insufficient evidence to support the finding of guilt. Dkt. 1 at 3-4.

Mr. L'Minggio first argues that his request, made during the hearing, for the Daily Offender Telephone log was denied and that this evidence would have shown that he never made a phone call to engage in an unauthorized financial transaction. This argument is not persuasive for two reasons.

The conduct report stated that the phone log was attached to it and Mr. Payton was given a copy of the conduct report. Dkt. 10-1. When he was screened, he asked for video evidence from 1420-1430. Dkt. 10-3. The conduct report listed the time of the incident as "approx. 12:30 PM."

3

Dkt. 10-1. The phone log listed the time of the call more specifically, at "14:24." Dkt. 10-2. That time coincides with Mr. L'Minggio's request, which supports a finding that he did, in fact, receive a copy of the phone log. But, even if Mr. L'Minggio did not receive a copy of the phone log at that time, his due process rights were not thereby violated.

Inmates are entitled to the disclosure of "all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (internal quotation omitted). Here, the telephone log was not exculpatory. Rather, the log reflected that the caller was "calling for Micah." Dkt. 10-2. The conduct report does not allege that Mr. L'Minggio *made* the phone call. Rather, the charge was that he had another offender call on his behalf and that he thereby engaged in an unauthorized financial transaction with other offenders or their friends/family. Even if Mr. L'Minggio was not given a copy of the telephone log, any error would be harmless because there was no prejudice to Mr. L'Minggio. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error). He was not denied any exculpatory evidence, so this claim fails.

Mr. L'Minggio's second claim is that he was denied "documentary and physical evidence," dkt. 1 at 3, but he fails to distinguish this claim from the first. He states that he "requested documentary evidence in a timely manner" but does not specify what evidence that was. This claim appears to be duplicative of the first claim and therefore warrants no further discussion.

Mr. L'Minggio's final claim is that there was insufficient evidence to find him guilty. He contends that prison officials admitted that it was not his voice on the phone cal. He asserts that someone else stole his phone book and tried to persuade his family to send money. He alleges that no funds were ever sent. Dkt. 1 at 3.

"Under *Hill*, 'the relevant question is whether there is any evidence in the record that could

4

support the conclusion reached by the disciplinary board.'" *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016)) (quoting *Hill*, 472 U.S. at 455-56)); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Offense B-220, engaging in an unauthorized financial transaction, prohibits "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction. This includes the discussion of engaging in unauthorized financial transaction(s) with any other person." Dkt. 10-7 at 6. The Inmate Trust Fund, Indiana Department of Correction Policy No. 04-01-104, prohibits financial transactions, including "the sending of monies from the family/friends of one offender to another." Dkt. 10-8 at 12.

The Daily Offender Telephone Log, attached to the conduct report, lists Mr. L'Minggio's name and DOC number in a column with the phone number (317) 771-8579 underneath it. Dkt. 10-2 at 1. The date is listed as "10/10/2018" and the time "14:24." The "activity" is described as follows:

J3: Hello?

Female: Hey.

J3: Hey, how you doin? Can I speak to Miss Brenda? Is this Miss Brenda?

Female: Yeah.

5

J3: Hey, I'm calling for Micah. I gotta talk fast, I gotta get in the shower. He told me to tell you uh, he say he need you to uh, for you to send uh, Diamond that 300. He say he come out at 6 o'clock.

Female: Ain't nobody sent it to me yet. Nobody sent it to me yet. (inaudible) but nobody sent it to me yet so.

J3: Okay, so tell em, tell him nobody sent it to you yet?

Female: Yeah but it's supposed to been, they said they was sendin it. Asked me where did I want it to but then I messed, I need the number. I messed up the, which my phone messed up but the person told me they was…huh?

J3: He gave me some num…he gave me some number Diamond uh.

Female: Okay.

J3: I guess this where he want it sent to. It's 307

Female: Uh huh

J3: 702

Female: uh huh

J3: 35

Female: 35?

J3: Yeah, 35.

Female: Uh huh.

J3: 71.

Female: Uh huh.

J3: And that's where, that's where he want you to send it to Diamond.

Female: Okay.

6

*Id.*

The conduct report and the telephone log indicate that Mr. L'Minggio had another offender use Mr. L'Minggio's pin number and call an unknown female on his behalf, tell her to send $300.00 to Diamond, and give her a phone number that was associated with another offender. Dkt. 10-1; dkt. 10-2. At the hearing, Mr. L'Minggio stated that he had asked his mom to send Diamond $300.00 for his daughter's birthday. Dkt. 10-4. His statement supports the finding that he was involved in the call. To be found guilty, having a "discussion of engaging in unauthorized financial transaction(s) with any other person," including the offender he had make the call, is sufficient. Dkt. 10-7 at 6. The video evidence also supports the finding of guilt because the offender who made the telephone call is seen walking over and talking to someone in Mr. L'Minggio's cell. Dkt. 16. There was ample evidence to find Mr. L'Minggio guilty of the charge.

Mr. L'Minggio was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. L'Minggio's due process rights.

### D. Conclusion

For the above reasons, Mr. L'Minggio is not entitled to the relief he seeks. Mr. L'Minggio's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  11/15/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICAH L'MINGGIO
198566
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov